UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| TERRY REED, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:06CV01111 AGF |
| | ) | |
| JOHN TILLER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

This matter is now before the Court on Plaintiff's "motion showing proof of service." [Doc. #23]. Plaintiff filed this motion in response to the Court's April 10, 2007 Order which stated that it would reconsider the Court's dismissal of Plaintiff's case if Plaintiff filed proof that he had served the party Defendants within thirty (30) days. A brief review of the procedural history in this case is necessary to analyze Plaintiff's current motion.

Plaintiff filed his complaint in this matter against seven named Defendants on July 20, 2006. Rule 4(m) of the Federal Rules of Civil Procedure provides that "[i]f service of the summons and complaint is not made upon a defendant within 120 days after filing the complaint, the court, . . . on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time." On December 4, 2006, the Court granted Plaintiff's motion to extend the time for service until February 5, 2007. [Doc. #11]. No proof of service having been

filed by that date, the Court then entered an Order to Show Cause on February 20, 2007, directing Plaintiff to show cause within fourteen (14) days why the action should not be dismissed without prejudice for lack of timely service. [Doc. #19]. After Plaintiff failed to respond to the Order to Show Cause, the Court dismissed Plaintiff's complaint without prejudice for failure to timely serve the Defendants. [Doc. #20].

Plaintiff then filed a motion to reconsider the Court's dismissal of his case. [Doc. #21]. In support of his motion, Plaintiff averred that he never received the Court's February 20, 2007 Order to Show Cause which prompted the dismissal of his case when he failed to respond. Plaintiff also stated that he nevertheless was taking steps to accomplish service on Defendants after the Court granted him the extension of time until February 5, 2007. Plaintiff asserted that he hired Allied Investigation Service ("Allied") to serve the seven Defendants and that his family was informed that Allied had served all Defendants but Piper Jesse. The Court's review of the record, however, revealed that no evidence of proper service had ever been filed. Therefore, the Court denied the motion to reconsider at that time, but stated that it would reconsider this issue if the Plaintiff filed proof of service on Defendants within 30 days. [Doc. #22].

Plaintiff has now filed his "motion showing proof of service." [Doc. #23]. In this response, Plaintiff does not mention anything about his private process server, Allied, and the Court's record does not reflect that proof of service by Allied has been filed. Rather, Plaintiff asserts that Defendants were served when he sent all the Defendants waiver of service forms along with a copy of the complaint by certified mail. In support of this assertion, Plaintiff cites Rule 4(d)(4), which states:

2

> When the plaintiff files a waiver of service with the court, the action shall proceed, except as provided in paragraph (3), as if a summons and complaint had been served at the time of filing the waiver, and no proof of service shall be required.

After reviewing Plaintiff's response, the Court acknowledges that a plaintiff has the right, under Rule 4, to send the defendants a "waiver of service summons." This waiver form has two parts, however. The first page informs the defendant that he is being sued and requests that the defendant waive service. Rule 4, however, does not require that a defendant agree to waive personal service.[1] If the defendant agrees to waive service, he must fill out and sign the second page which specifically acknowledges receipt of the waiver request and also specifically acknowledges that the defendant is waiving service. The defendant is then instructed to return the signed waiver to the plaintiff, who is instructed to file the form (which is signed by both the plaintiff and the defendant) in the district court.

In this case, Plaintiff presents the Court with only the first page of the waiver of service summons. He has not filed the second page or anything which shows that any of the Defendants have acknowledged that they waive service. As such, Plaintiff has not shown that service was accomplished on any of the Defendants by a waiver of personal service. Nor has Plaintiff provided any proof of service through Allied, the process service Plaintiff retained.

---

[1] Rule 4(d) does provide that "[i]f a defendant located within the United States fails to comply with a request for waiver . . ., the court shall impose the costs subsequently incurred in effecting service on the defendant unless good cause for the failure be shown."

Nevertheless, the Court takes note of Plaintiff's diligence in responding to its Orders and in providing evidence of the steps he has taken to effectuate service. To that end, the Court grants Plaintiff another forty-five (45) days, to and including June 21, 2007, to provide the Court with proper evidence that Defendants have been served.

The Court also notes that although Plaintiff appears <u>pro se</u>, he has repeatedly stated in his pleadings that he lacks counsel, has no professional training, and "has no more money to give to Missouri rip off businesses."

It is unclear whether Plaintiff is requesting that the Court appoint counsel. If Plaintiff is requesting the appointment of counsel, and believes he qualifies for appointment, he must file a motion for appointment of counsel and affidavit in support. A form motion for appointment of counsel and affidavit in support may be obtained from the Clerk of the District Court.

Accordingly,

**IT IS HEREBY ORDERED** that the Court may reconsider its Order dismissing Plaintiff's case for lack of service if Plaintiff files proof of service on Defendants within forty-five (45) days of the date of this Order.

/s/ Jean C. Hamilton

JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE

Dated this 8th day of May, 2007.